IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KEVIN ROBERT SCHELL, )
)
       Plaintiff, )
)
  -vs- ) Civil Action No. 17-1274
)
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
)
       Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 11 and 15). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 12 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 11) and denying Defendant's Motion for Summary Judgment. (ECF No. 15).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits pursuant to the Social Security Act. Plaintiff filed his application alleging he had been disabled since December 1, 2015. (ECF No. 9-7, p. 2). Administrative Law Judge ("ALJ"), Melissa Tenenbaum, held a hearing on March 22, 2017. (ECF No. 9-3). On May 8, 2017, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 9-2, pp. 16-24).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF No. 11 and 15). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner=s findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant=s impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.     Residual Functional Capacity ("RFC")[2]

Plaintiff first asserts that the ALJ erred in determining her RFC.[3] (ECF No. 12, pp. 8-12). Specifically, Plaintiff submits that the ALJ erred in arriving at her RFC because "[t]he record contains no medical opinion of Plaintiff's [physical] functional limitations, thus leaving her RFC determination unsupported by substantial evidence." (ECF No. 12, p. 8). Plaintiff further argues that while there was a disability determination by the state agency doctor, Dr. Fox, the ALJ did not rely on, mention or weigh Dr. Fox's opinion in her determination of Plaintiff's RFC. (ECF No.

---

[2] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

[3]The ALJ found that Plaintiff had the RFC to perform light work with various physical and mental exceptions. (ECF No. 9-2, p. 21).

12, p. 9). Moreover, the state agency doctors indicated that a consultative examination was required. *Id.*; *see also,* ECF No. 9-4, p. 8. In this case, however, the ALJ did not order a consultative examination. Thus, Plaintiff concludes, "[t]he ALJ's complete lack of explanation for how she determined her RFC does not allow this court to conduct a meaningful review…[as] the ALJ should have ordered a consultative examination to determine the extent of Plaintiff's physical impairments." (ECF No. 12, p. 10). Therefore, Plaintiff argues, remand is necessary. After a careful review of the record, I agree with Plaintiff.

In this case, the ALJ found that Plaintiff had the RFC to perform light work with numerous specific physical exceptions:

> He can frequently climb ramps and stairs; he can never climb ladders, ropes, or scaffolds; he can occasionally stoop, kneel crouch and crawl; he must avoid concentrated exposure to workplace hazards, such as unprotected heights and moving machinery; he can tolerate no more than moderate levels of noise, as defined by the SCO; he should avoid work outdoors in bright sunshine; he cannot work with bright or flickering lights, such as would be experienced in welding or cutting metals…[4]

(ECF No. 9-2, p. 21). The opinion evidence relied upon in formulating the RFC relates only to Plaintiff's mental limitations, not his physical limitations. (ECF No. 9-2, p. 23). Specifically, the ALJ only mentions the opinion of state agency psychologist Dr. Walz. (ECF No. 9-2, p. 23). The ALJ did not note or weigh the opinion of Dr. Fox and did not order a consultative examination. *See, id.* at pp. 16-24. "Rarely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant." *Gormont v. Astrue,* No. 11-2145, 2013 WL 791455 at *7 (M.D. Pa. Mar. 4, 2013), *citing Doak v. Heckler,* 790 F.2d 26 (3d Cir. 1986). After a review of the record, I am unable to discern what evidence the ALJ relied upon in limiting Plaintiff to light work with numerous exceptions. There is ambiguity in

---

[4]The remaining exceptions not enumerated here pertain to Plaintiff's mental RFC. (ECF No. 9-2, p. 21).

the record. As a result, I find the ALJ's opinion is not based on substantial evidence. Consequently, remand is warranted on this basis.

Since I have found that remand is warranted regarding the opinion evidence, the ALJ will be required to fully reassess Plaintiff's physical and mental limitations/impairments on remand. As a result, Plaintiff's other arguments (that the ALJ failed to properly assess Plaintiff's mental impairments and that the ALJ improperly assessed Plaintiff's credibility) are moot and I need not consider them at this time.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN ROBERT SCHELL, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>NANCY A. BERRYHILL,[5] )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. ) | Civil Action No.   17-1274 |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 11th day of February, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 11) is granted and Defendant's Motion for Summary Judgment (Docket No. 15) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

BY THE COURT:

s/   Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[5] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.